DIXON, Judge
(dissenting).
I must respectfully dissent.
Mrs. Johnson testified as follows:
“And I saw her coming from the side street, but this Gibbs Street is — you have the right of way, and I wasn’t supposed to stop, and I didn’t.”
At another point in her testimony, Mrs. Johnson insisted that she saw Gloria Jean Hampton prior to the collision, but made no effort to stop because she assumed that she (Mrs. Johnson) had the right of way.
Mrs. Johnson testified that her speed was about twenty miles per hour. Gloria Jean Hampton estimated her own speed at forty miles per hour (five miles per hour over the legal limit). The witness Taylor testified that neither car was exceeding the speed limit, and that both automobiles were traveling at about the same speed. There was no other testimony as to the speed of the vehicles involved.
Both streets had asphalt surfaces. The witness Meek and the witness Taylor testified that the automobiles collided in the middle of the intersection. Their testimony is uncontradicted. The trial court’s finding that the intersection was preempted by Mrs. Johnson is clearly in error.
Mrs. Johnson’s own testimony convicts her of contributory negligence. She saw the approaching vehicle, but, mistakenly assuming that she had the right of way, she made no effort to avoid the collision.
If we assume that Mrs. Johnson did not see the Hampton car until the collision was imminent, and that she only got a “glimpse” of it, then she was, under those circumstances, guilty of contributory negligence. There is no evidence whatsoever to excuse Mrs. Johnson from failing to see the car with the right of way approaching the intersection.
The judgment should be reversed.